UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 93-CR-00072-MOORE
95-CR-00315-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAURICIO RODRIGUEZ,

    Defendant.

### REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

THIS MATTER came before the Court for a revocation hearing on March 21, 2024, upon a Superseding Petition for Offender Under Supervision as to Defendant Mauricio Rodriguez. [ECF No. 245].[1] This matter was referred to the Undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. [ECF No. 248].

**Admissions to Violation Numbers 4 and 5**

Defendant admitted Violation Numbers 4 and 5 during the March 21, 2024, hearing. The Petition alleges as follows regarding these violations:

4. **Violation of Standard Condition**, by failing to submit a truthful and complete written report within the first five days of each month. Defendant failed to submit a written monthly report sinch his January 2016 arrest for possessing, trafficking, and selling cocaine.

5. **Violation of Standard Condition**, by failing to notify the probation office within seventy-two (72) hours of being arrested or questioned by law enforcement. On or about January 21, 2016, Miami Beach Police Officer A. Souza arrested Defendant. Defendant failed to advise his U.S. Probation Officer of the arrest.

---

[1] All referenced docket numbers are found in Case No. 93-CR-00072-MOORE.

1

[ECF No. 245 at 2–3].

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to violations 4 and 5 is knowing and voluntary. Defendant was advised that the maximum penalty the District Judge may impose is a term of up to five (5) years of imprisonment, followed by supervised release of up to 60 months, less the revocation imprisonment range, as set forth in 18 U.S.C. § 3583(b)(2). Defendant was also advised that his advisory Sentencing Guidelines range, based upon is criminal history category IV, was 37 to 46 months of imprisonment. U.S.S.G. § 7B1.4(a). Defendant acknowledged that he understands the penalties and has discussed with his attorney the applicable guidelines range and the maximum penalties.

The undersigned questioned the Defendant on the record and ensured that he understood his right to an evidentiary hearing on Violation Numbers 4 and 5. Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions to Violation Numbers 4 and 5 are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition.

**Remaining Violations (Violation Numbers 1, 2, and 3)**

The Government agreed to dismiss Violation Numbers 1, 2, and 3, and the United States Probation Officer concurs in that recommendation. Therefore, I recommend that Violation Numbers 1, 2, and 3 be dismissed after sentencing.

**CONCLUSION**

Accordingly, based on the representations of counsel and the United States Probation Officer, and having had the opportunity to observe and hear directly from Defendant, the

undersigned recommends that the Court accept Defendant's admission of guilt as to the allegations set forth in violations 4 and 5, as charged in the Petition [ECF No. 245], and conduct a final sentencing hearing on the violations.

The parties will have five (5) calendar days from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 22nd day of March 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Judge K. Michael Moore; and**

      **All Counsel of Record**